**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LOCAL UNION NO. 20 INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, *SMART*,<br><br>      Plaintiff,<br><br>      v.<br><br>PURE FABRICATION & SHEET METAL, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:25-cv-00596-ALT |

## OPINION AND ORDER

Before the Court is a motion to amend answer filed by Defendant on June 16, 2026, seeking leave to add two affirmative defenses. (ECF 16). Plaintiff filed a response in opposition to the motion, asserting that the proposed affirmative defenses are futile. (ECF 17). Defendant has replied (ECF 20), and therefore, the motion is ripe for ruling. For the following reasons, Defendant's motion to amend will be granted.

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) (citations omitted). "For a proposed affirmative defense to be deemed futile for purposes of a motion to amend, the defense

must be so insufficient that it would not survive a Rule 12(f) motion to strike." *Bitmain Techs. Georgia Ltd. v. Hylmen, LLC*, No. 6:24-cv-03183-MDH, 2025 WL 3901901, at \*2 (W.D. Mo. Apr. 24, 2025) (citations omitted)); *see Kramer v. Caruana*, No. 25-CV-50166, 2026 WL 133075, at \*1 (N.D. Ill. Mar. 4, 2026) ("The inquiry for a motion to strike affirmative defenses and alleged futility of an amended answer both ask whether the affirmative defenses would withstand a Rule 12(b)(6) motion to dismiss." (citations omitted)). "[T]he decision as to whether to grant a motion to amend [an answer] is entrusted to the sound discretion of the trial court[.]" *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted)).

### *B. The Proposed Amendment and the Parties' Arguments*

The two affirmative defenses that Defendant seeks to add are: (1) "Defendant denies that it is employer bound to the Arbitration Award as it is not a successor, single employer, alter ego, assign, or otherwise legally responsible for the Arbitration Award remedies alleged by Plaintiff"; and (2) "[t]he Arbitration Award itself contains unenforceable penalties which cannot be enforced by the Court." (ECF 16-1 at 13).

Plaintiff argues these affirmative defenses are futile because Defendant did not seek to vacate the arbitration award—issued on May 7, 2025—within the ninety-day time period to file a lawsuit challenging the arbitration award. (ECF 17 at 3); *see Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.3d 1023, 1027 (7th Cir. 1980) (noting the Indiana statutory ninety-day time limit for filing a motion to vacate an arbitration award). Plaintiff emphasizes "[t]he well settled case law in this circuit holds 'that failure to challenge an arbitration award within the limitations period renders the award final.'" (ECF 17 at 4 (quoting *Sullivan v. Lemoncello*, 36 F.3d 676, 681 (7th Cir. 1994)); *see also Int'l*

*Union of Operating Eng'rs, Local 150, AFL-CIO v. Barrington Excavating, LLC*, No. 23 C 15257, 2024 WL 1719452, at *4 (N.D. Ill. Apr. 22, 2024) (collecting cases).

In its reply, Defendant contends that Plaintiff's proffered interpretation of the relevant case law is too broad. Defendant asserts that the case law does not preclude a party from challenging the "enforceability" of an arbitration award, versus the "validity" of the award, after the ninety-day waiver period. (ECF 20 at 3). As Defendant sees it:

> *Chauffeurs* stands for the proposition that a party subject to a labor arbitration award cannot challenge the *validity* of the award unless the party files a lawsuit seeking to vacate the award within ninety days of the date the award is entered. 628 F.2d 1023, 1027 (7th Cir. 1980). *Chauffeurs* does not stand for the proposition that a party who does not challenge a labor arbitration award within ninety days of the date it is entered waives the right to defend itself in a subsequent enforcement action of the arbitration award. Accordingly, although [Defendant] may be precluded from challenging the validity of the arbitration award, it can still challenge the enforceability of the award. *See Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 924 F.3d 645 (7th Cir. 2016).

(ECF 20 at 3). Defendant cites *Calumet River Fleeting, Inc. v. International Union of Operating Engineers, Local 150, AFL-CIO*, 824 F.3d 645 (7th Cir. 2016), for the premise that the ninety-day waiver rule does not preclude a party from arguing it was not a proper party to the underlying arbitration action. (*See* ECF 20 at 3); *see also Ill. Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers, AFL-CIO v. Christoffer*, No. 06 C 0321, 2006 WL 2583724, at *4 (N.D. Ill. Sept. 5, 2006) ("Only where a defendant did not receive notice of the arbitration or award, the defendant was not a party to arbitration hearing, or where the Union knew at the time of the arbitration that the defendant was not legally liable but brought the arbitration against the defendant anyway in bad faith would the Seventh Circuit excuse the failure of a defendant to adhere to the 90-day statute of limitations." (citations omitted)). Defendant contends "[t]his is the

3

exact argument [it] seeks to make by including an affirmative defense that it is not an employer bound by the arbitration award." (ECF 20 at 3).

### C. Analysis

This is Defendant's first motion to amend answer, and no deadline has yet been set for seeking leave to amend the pleadings, as the preliminary pretrial conference is upcoming. (*See* ECF 21). The Seventh Circuit Court of Appeals has stated that "denying a motion for leave to amend is generally disfavored, especially when [a party has] not yet had an opportunity to amend [its pleading]." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). "In light of the presumption in favor of giving [a party] at least one opportunity to amend, denying a [party] that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (citing *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1024 (7th Cir. 2013)).

Also, courts often "will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases). "[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a motion to dismiss …." *Chen*, 2021 WL 5005373, at *3 (collecting cases).

Furthermore, Defendant has cited at least some case law in support of its position that a proposed affirmative defense asserting it is not an employer bound by the arbitration award is not necessarily precluded by the ninety-day waiver rule. (*See* ECF 20 at 3 (citing *Calumet River*

4

*Fleeting, Inc.*, 824 F.3d 645; *Christoffer*, 2006 WL 2583724, at *4)). Nor does Defendant admit in its answer that it received notice of the arbitration hearing allegedly sent by Plaintiff to Defendant on April 17, 2025, or a notice of the award. (ECF 8 ¶ 16); *see Christoffer*, 2006 WL 2583724, at *4 (suggesting the Seventh Circuit may excuse the failure of a defendant to adhere to the ninety-day waiver rule where the defendant did not receive notice of the arbitration or award). Consequently, at this early juncture, the Court will grant Defendant leave to amend its answer to include the two affirmative defenses challenging the enforceability of the arbitration award.

### D. Conclusion

For the foregoing reasons, the motion to amend Defendant's answer (ECF 16) is GRANTED. The Clerk is DIRECTED to show Defendant's amended answer (ECF 16-1) as filed in a separate docket entry.

SO ORDERED.

Entered this 8th day of July 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge